# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-0825
Filed April 15, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Marain Larayondra Rankins,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Scott J. Beattie, Judge.

———————————

## APPEAL DISMISSED

———————————

Matthew B. De Jong of De Jong Law Firm, P.C., Rochester, Minnesota,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
By Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

Following plea and sentencing, Marain Rankins challenges his sentence, claiming the district court abused its discretion in imposing consecutive sentences. Because we determine Rankins has failed to establish good cause, we dismiss his appeal.

## I.     Background Facts and Proceedings

On June 23, 2023, the State charged Rankins with four counts: possession of a controlled substance, methamphetamine, with intent to deliver, a class "B" felony; possession of a controlled substance, marijuana, with intent to deliver, a class "D" felony; and two counts of failure to possess a drug tax stamp, class "D" felonies. Less than a week later, in a separate criminal case, the State filed a fifth charge: criminal mischief in the third degree, an aggravated misdemeanor.

Pursuant to a global plea agreement, Rankins later entered an *Alford* plea[1] to possession of controlled substance, marijuana, with intent to deliver; one count of failure to possess a drug tax stamp; and criminal mischief. He also agreed to have his probation revoked in a separate pending matter, with the "original sentence imposed." The parties agreed that the sentences for the three charges would run consecutive to each other for a total term of incarceration not to exceed twelve years, and consecutive to the sentence in the probation revocation matter, for a total term of incarceration not to exceed seventeen years. In exchange for the pleas, the State agreed to dismiss the charge of possession of methamphetamine with intent to deliver and the remaining drug-tax-stamp charge. Rankins requested immediate sentencing

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt).

and waived his right to file a motion in arrest of judgment and his right to have a presentence investigation report prepared before sentencing. The district court imposed the agreed-upon sentence.

Rankins now appeals, arguing the district court abused its discretion in imposing consecutive sentences.

The State highlights that our court lacks jurisdiction to address the merits of Rankins's claim because Rankins cannot establish good cause to appeal following his guilty plea, as he received the agreed-upon sentence. *See* Iowa Code § 814.6(1)(a)(3) (2023) (providing a defendant must establish good cause for an appeal if the conviction results from a guilty plea to a charge other than a class "A" felony). The burden is on Rankins to establish good cause for an appeal. *See State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

Typically, a defendant is able to demonstrate good cause by appealing the sentence rather than the guilty plea. *See id.* at 105 ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). But in establishing that good cause exists to appeal the sentence rather than the guilty plea, our supreme court has recognized exceptions when the sentence was either mandatory or agreed to in the plea bargain. *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (citing *Damme*, 944 N.W.2d at 105).

Our court has enforced the exceptions to sentencing challenges, dismissing appeals due to lack of showing of good cause when the sentence imposed is mandatory or the agreed-upon sentence under the plea agreement. *See, e.g.*, *State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *3 (Iowa Ct. App. Nov. 2, 2022) (dismissing appeal challenging an agreed-upon sentence as the defendant "has no remedy because she got what she

bargained for and she has not established good cause to appeal"); *State v. McCarroll*, No. 20-0641, 2021 WL 4592616, at *2 (Iowa Ct. App. Oct. 6, 2021) (dismissing appeal for lack of good cause due to the sentence imposed being that agreed to by the parties); *State v. Major*, No. 19-2055, 2021 WL 3662311, at *1–2 (Iowa Ct. App. Aug. 18, 2021) (dismissing appeal when challenged sentence was mandatory); *State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023) (dismissing appeal when challenged sentence was agreed to by parties).

Rankins received the sentences that he agreed to in his plea agreement. He has not established good cause to appeal. Accordingly, we dismiss his appeal.

**APPEAL DISMISSED.**